JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# EASTERN DIVISION

| | |
|---|---|
| HENRY JAMES HOLMES, <br><br> Petitioner, <br><br> v. <br><br> THERESA CISNEROS, <br><br> Respondent. | No. ED CV 21-02127-DOC (DFM) <br><br> Order Summarily Dismissing Petition Without Prejudice for Lack of Jurisdiction |

## I. BACKGROUND

On December 20, 2021, Petitioner Henry James Holmes filed in this Court a Petition for Writ of Habeas Corpus by a Person in State Custody under 28 U.S.C. § 2254. See Dkt. 1 ("Petition"). Although he provides a prison identification or booking number, he also states that he was released nearly 20 years ago, on May 8, 2002. See id. at 1. He seeks relief from his 2000 conviction in Riverside County Superior Court case number RIF091270; that conviction followed his guilty plea to one count of violating California Penal Code § 220. See id. at 2. He also seeks relief his sentence imposing a lifetime requirement that he register as a sex offender. See id. at 2, 13, 19, 27, 29.

Petitioner has tried many times to obtain federal habeas corpus relief from his 2000 conviction and sentence. His first two such petitions, filed in 2002 and 2003, were dismissed without prejudice for failure to exhaust state

remedies. See Report and Recommendation, Holmes v. Adams, No. 02-484 (C.D. Cal. July 24, 2002), Dkt. 6; Order Adopting Report and Recommendation, id. (C.D. Cal. Sept. 12, 2002), Dkt. 14; Report and Recommendation, Holmes v. Riverside Superior, No. 03-922 (C.D. Cal. Feb. 5, 2004), Dkt. 27; Order Adopting Report and Recommendation, id. (C.D. Cal. Mar. 10, 2004), Dkt. 35.

In 2004, Petitioner filed another petition for writ of habeas corpus, which was denied on the merits. See Report and Recommendation, Holmes v. Huston, No. 04-370 (C.D. Cal. Sept. 29, 2004), Dkt. 21; Order Adopting Report and Recommendation, id. (C.D. Cal. Nov. 4, 2004), Dkt. 26.

In 2016, Petitioner filed another federal habeas petition, which this Court dismissed for lack of jurisdiction because it was successive and because Petitioner did not satisfy the "in custody" requirement of 28 U.S.C. § 2254. See Order Summarily Dismissing Petition, Holmes v. State of California, No. 16-1474 (C.D. Cal. Aug. 30, 2016), Dkt. 5.

In 2016 and 2018, he filed two more federal habeas petitions, which this Court dismissed for lack of jurisdiction because they were successive. See Order Summarily Dismissing Petition, Holmes v. State of California, No. 16-2260 (C.D. Cal. June 26, 2017), Dkt. 4; Order Summarily Dismissing Petition, Holmes v. State of California, No. 18-1734 (C.D. Cal. Oct. 15, 2018), Dkt. 5.

In 2019, Petitioner filed yet another federal habeas petition, which this Court dismissed for lack of jurisdiction because it was successive and because Petitioner did not satisfy the "in custody" requirement of 28 U.S.C. § 2254. See Order Summarily Dismissing Petition, Holmes v. People for the State of Calif, No. 19-884 (C.D. Cal. June 10, 2019), Dkt. 4.

## II.   DISCUSSION

### A.   This Court Lacks Jurisdiction Because the Petition Is Successive

As the Court has repeatedly informed Petitioner, it may not entertain a

successive habeas petition unless Petitioner obtains leave from the Ninth Circuit Court of Appeals. 28 U.S.C. § 2244(b) provides:

    (1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

    (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—

    (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

    (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

    (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

    (3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

28 U.S.C. § 2244 (b)(1)-(3). In addition, Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provides that if it plainly appears from the face of the petition and any exhibits thereto that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition.

    In response to the question, "Have you previously filed any habeas petitions in any federal court with respect to this judgment of conviction,"

Petitioner checks the box for "Yes" and writes, "To[o] many." Petition at 12. He also cites two of the above-mentioned federal petitions. See id. at 8 (citing Holmes v. State of California, No. 18-1734 (C.D. Cal. filed Aug. 17, 2018)), 12 (citing Holmes v. Riverside Superior, No. 03-922 (C.D. Cal. filed Aug. 12, 2003)). The Petition is therefore successive on its face.

In 2016, Petitioner applied for authorization from the Ninth Circuit Court of Appeals to file a successive petition, but the court denied his application without prejudice. See Order, Holmes v. State of California, No. 16-73307 (9th Cir. June 30, 2017), Dkt. 13. In both 2017 and 2018, Petitioner again applied for authorization from the Ninth Circuit Court of Appeals to file a successive petition challenging his 2000 conviction; however, the court declined to consider either application because Plaintiff was no longer in custody. See Order, Holmes v. Davey, No. 17-72092 (9th Cir. Mar. 16. 2018), Dkt. 2; Order, Holmes v. Davey, No. 18-72872 (9th Cir. Apr. 22, 2019), Dkt. 7.

This Court does not have jurisdiction to consider a second or successive petition absent authorization from the Ninth Circuit. See Burton v. Stewart, 549 U.S. 147, 152 (2007); Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001) ("When the AEDPA is in play, the district court may not, in the absence of proper authorization from the court of appeals, consider a second or successive habeas application." (citation omitted)). Accordingly, the Court will dismiss this Petition without prejudice to its refiling after Petitioner obtains such authorization.[1]

---

[1] If Petitioner obtains such authorization, he should file a new habeas petition, which will be assigned a new case number. He should not file an amended petition in this case or use this case number, because this case will be closed today.

### B. This Court Lacks Jurisdiction Because Petitioner Is Not "In Custody"

Relief under 28 U.S.C. § 2254 is available to "a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(a). This Court's authority to grant habeas relief under § 2254 is limited. See Felker v. Turpin, 518 U.S. 651, 662 (1996). According to the Petition, Petitioner was released in 2002 and had a 3-year term of parole. See Petition at 1-2. Therefore, the only continuing restriction on Petitioner's liberty is the requirement that he maintain lifetime registration as a sex offender. However, as this Court and the Ninth Circuit have repeatedly stated, that requirement does not render him "in custody."

It is well-established that sex offender registration does not put a person "in custody" for purposes of federal habeas relief. California's sex offender registration requirement does not "constitute the type of severe, immediate restraint on physical liberty necessary to render a petitioner 'in custody' for the purposes of federal habeas corpus relief," but is "merely a collateral consequence of conviction." Henry v. Lungren, 164 F.3d 1240, 1242 (9th Cir. 1999); see also Williamson v. Gregoire, 151 F.3d 1180, 1183-85 (9th Cir. 1998) (same holding under Washington's sex offender registration law). As a collateral consequence, sex offender registration is not a restraint on Petitioner's physical liberty. "[O]nce the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purpose of a habeas attack upon it." Maleng v. Cook, 490 U.S. 488, 492 (1989). Accordingly, this Court has no authority to grant the relief Petitioner seeks. See 28 U.S.C. § 2254(a).

### III. ORDER

Based on the foregoing, IT THEREFORE IS ORDERED that judgment be entered summarily dismissing the Petition without prejudice for lack of subject matter jurisdiction.

Dated: January 18, 2022

*/s/ David O. Carter*
_____
DAVID O. CARTER
United States District Judge

Presented by:

*/s/ Douglas F. McCormick*
_____
DOUGLAS F. McCORMICK
United States Magistrate Judge